## PETER BUTTERLY *v.* PIERRE VALMONT BLANCHARD.

One who has received an injury, for which he is entitled to damages in a civil action, and which may give rise to a criminal prosecution, may lawfully receive a sum as the amount of the damages to which he is entitled, even when offered in the hope that, being satisfied therewith, he will not resort to a criminal prosecution ; and a promise to pay such damages is a good consideration for a note.

APPEAL from the District Court of Ascension, *Nicholls,* J.

*Miles Taylor,* for the plaintiff. 1. The contract was legally entered into by the plaintiff to obtain compensation for a personal injury, without in any manner obstructing the administration of public justice. Chitty on Contracts, 513, 515, 519, 524 *and note.* 2. The money already paid cannot be recovered back, though the contract be illegal. Ib., 498.

*Connelly* and *Isley,* for the appellant.

MARTIN, J. The defendant, sued on his promissory note, resists the claim of the plaintiff, on an averment that the plaintiff is without interest therein, as he transferred it to a third person, and erased the endorsement without the authority of the transferree. He further urges that the note was given without a lawful conside-

ration, the object of the defendant having been to prevent the plaintiff from instituting a criminal prosecution against him; and he claims in reconvention the sum of five hundred dollars, which he paid to the plaintiff for the same purpose. There was a verdict and judgment for the plaintiff, and the defendant appealed.

His counsel has contended in this court, that the consideration of the note, being the suppression of a criminal prosecution, was unlawful. Civ. Code, arts. 1885–9. 3 Martin, N. S., 46. 5 Ib., 409. 6 Ib., 220.

The record shows that the endorsee of the note deposed, that he never had any interest therein, it having been endorsed to him for collection only, and that he erased the endorsement himself.

The defendant had violently assaulted and beaten the plaintiff, and being desirous of avoiding any prosecution, and the plaintiff wishing to obtain some satisfaction, the former agreed to pay to the plaintiff one thousand dollars, one half of which was paid, and the note sued upon executed for the balance. It does not appear that the plaintiff engaged not to provoke a state prosecution against the defendant.

It is perfectly lawful, for a person who has received an injury, for which he is entitled to damages in a civil action, and which may be the basis of a state prosecution, to receive a sum tendered as the amount of the damages to which he is entitled; even when it is offered, in the hope, that the injured party, satisfied therewith, will not resort to a state prosecution. Indeed when a compensation is thus accepted, and the case is not attended with aggravating circumstances, the court generally contents itself with the infliction of a nominal fine.

*Judgment affirmed.*